**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 23-4762**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TODD CHRISTOPHER ROATSEY,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., Senior District Judge.  (2:21-cr-00235-1)

———————————

Submitted:  May 21, 2024                                   Decided:  May 23, 2024

———————————

Before WYNN and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Richard W. Weston, WESTON LAW, Huntington, West Virginia, for Appellant.  Jennifer Rada Herrald, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Todd Christopher Roatsey pled guilty pursuant to a plea agreement to attempted production of child pornography, in violation of 18 U.S.C. § 2251(a), (e), and attempted enticement of a minor, in violation of 18 U.S.C. §§ 2422(b), 2427.  He was sentenced to 25 years' imprisonment.  Roatsey's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but raising several issues for the court's consideration.  Roatsey was advised of his right to file a pro se supplemental brief, but he has not done so.  The Government has moved to dismiss the appeal as untimely.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment.  Fed. R. App. P. 4(b)(1)(A)(i).  With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal.  Fed. R. App. P. 4(b)(4).  Although the appeal period in a criminal case is a nonjurisdictional claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017).

The district court entered the criminal judgment on February 28, 2023.  A timely notice of appeal was due by March 14, 2023.  The earliest Roatsey filed his notice of appeal was on December 19, 2023.  Because Roatsey failed to file a timely notice of appeal or to obtain an extension of the appeal period and the Government has promptly moved to

2

dismiss the appeal as untimely, *see* 4th Cir. R. 27(f)(2), we grant the Government's motion and dismiss the appeal.[*]

This court requires that counsel inform Roatsey, in writing, of the right to petition the Supreme Court of the United States for further review. If Roatsey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Roatsey. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Because we conclude that the appeal is untimely, we need not consider whether this appeal is barred by the appellate waiver in Roatsey's plea agreement.